## OMAR WILSON ET AL. *v.* M. B. MOORE.

**Conversion—Amount of Recovery.**

Where the owner of property might have treated a sale of the property as a nullity, but, instead of doing so, elects to treat it as a conversion, he is not entitled to more than the value of the property at the time and place of conversion.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

February 17, 1874.

OPINION BY JUDGE LINDSAY:

We have examined the pleadings in this case with great care; they are certainly more remarkable for length than perspicuity.

We are in doubt as to the character of the action, and equally uncertain as to the nature of the defense. From all we can gather from the petition, it seems that Moore intends to treat the sale of his lot of mules by Alvin and Burbridge to Thompson Boyd & Co., as a conversion. In law such sale was a conversion, as the sellers and buyers were all members of the same firm, and as the mules were from the time of its consummation treated as firm property. Moore does not state that he accepted the note of Alvin & Co. without knowledge of the fact that the parties to whom the sale was made were partners of his agents, nor that he was ignorant of the circumstances attending the transaction. An issue as to his knowledge of all the facts attending the sale is raised, however, by the answer. The conversion is, in effect, admitted. The questions therefore to be determined by the jury were:

First.    Was the lot of mules at Columbus, Ga., on the day of the pretended sale to Thompson & Boyd, worth more than $105 per head, and if so how much more?

Second.    When Moore accepted the note of Wilson, etc., was he fully advised of all the circumstances attending the transaction, and did he with such knowledge ratify and confirm the action of his agents, Wilson and Burbridge?

There is still another issue, and that is as to the averment that Wilson and Burbridge claimed and obtained credit for a greater sum for expenses than they were entitled to.

The instructions in the case are all based upon the idea that Moore intended to treat the sale to Thompson and Boyd as a nullity, and to insist that it did not divest him of title, and therefore that he was entitled to the profits realized by the resales of the property.    That he might have done so we have no doubt, but he elected to treat it as a conversion, and therefore has no right to demand anything more than the value of his property at the place and on the day the conversion took place.

For the reasons indicated the judgment is reversed and the cause remanded for a new trial upon principles consistent with this opinion.

*Ross, Kennedy, Lacy, Nesbitt, Gudgell, for appellants.*

*T. Turner, J. S. Hurt; for appellee.*